# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 23-2071V**

|  |  |
|---|---|
| SAMANTHA DENBY, | Chief Special Master Corcoran |
| Petitioner, | Filed: June 10, 2026 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Brady Douglas, Menzer Law Firm, PLLC, Seattle, WA, for Petitioner.*

*Crystal Fialkowski, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 4, 2023, Samantha Denby filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq. (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration, a defined Table injury, or in the alternative a causation-in-fact injury, after receiving an influenza vaccine on May 24, 2023. Petition at 1, ¶¶ 2, 17, 22. On June 25, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 27.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $18,796.00 (representing $18,391.00 in fees plus $405.00 in costs). Motion for

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

Attorneys' Fees and Costs ("Motion") filed January 27, 2026, ECF No. 32. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 32-4.

Respondent reacted to the motion on January 29, 2026, stating that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 33. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs*., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley, 461 U.S. at 434.

2

**ATTORNEY FEES**

Petitioner requests that I apply the following hourly rates for work performed by her attorney Brady Douglas: $275.00 per hour for work performed in 2021; $300.00 for 2022; $350.00 for 2023; $400.00 for 2024; and $450.00 for 2025. Petitioner also requests the following rates for attorney JohnDavid Toren; $375.00 per hour for 2023; $425.00 for 2024; and $475.00 for 2025. For paralegal work performed in the 2021-25 timeframe, Petitioner requested rates between $150.00 - $200.00. ECF No. 32 at 3-4. Messrs. Toren and Douglas represent that they are both licensed to practice law, in the State of Washington, since 2014 respectively. Id. at 32 at 2.

Based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, I find the proposed rates for Mr. Toren to be reasonable for the 2023-25 period and shall be awarded without reduction. I also find the paralegal rates requested herein reasonable. The rates requested for Mr. Douglas, however, require adjustment.

Mr. Douglas is requesting rates for work performed in years 2021-22 - prior to his being admitted to the bar of this Court (in February 2023). ECF No. 32 at 3-4. It is well established in the Vaccine Program that an attorney who is not admitted to practice before the Court of Federal Claims is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.*, No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013). Accordingly, all time billed by Mr. Douglas prior to being admitted to this Court must be compensated at non-attorney rates for his work. I award Mr. Douglas the reduced rate of $172.00 for the 2021-22 timeframe. Application of the foregoing reduces the amount of fees to be awarded herein by **$177.60**.

I find all other rates requested by Mr. Douglas for work performed in the 2023-25 timeframe to be reasonable, and they shall be awarded. And all other time billed to the matter was reasonably incurred.

**ATTORNEY COSTS**

Petitioner requests $405.00 in costs for obtaining medical records, the Court's filing fee, and shipping costs. Petitioner has provided supporting documentation for all claimed costs. ECF No. 32 at 4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded $18,618.40 (representing $18,213.40 in fees plus $405.00 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[2]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.